UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

FINETTIE HAWKINS, Personal Representative of the Estate of RICHARD KOKENOS, deceased,

        Plaintiff,

v.

CITY OF WARREN, a municipal corporation, OFFICER RANDALL RICHARDSON, OFFICER KIMBERLY TEOLIS, OFFICER PAUL KULISEK, OFFICER ROBERT HORLOCKER, OFFICER COLIN MCCABE, and OFFICER WILLIAM MIERZWINSKI, Individually, and in Their Official Capacity, Jointly and Severally,

        Defendants.

CASE NO. 12 –      – NO

HON.

_____/

GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
248.355.5555
j.blankenship@fiegerlaw.com
_____/

**COMPLAINT AND JURY DEMAND**

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN PREVIOUSLY FILED AND DISMISSED OR TRANSFERRED AFTER HAVING BEEN ASSIGNED TO A JUDGE.

       /s/ E. Jason Blankenship
    E. JASON BLANKENSHIP (P63566)

NOW COMES the Plaintiff, FINETTIE HAWKINS, Personal Representative of the Estate of RICHARD KOKENOS, deceased, by and through her attorneys, FIEGER, FIEGER,

KENNEY, GIROUX & DANZIG, PC, and for her Complaint and Reliance Upon Jury Demand against the above-named Defendants, states as follows:

1) FINETTIE HAWKINS is the Personal Representative of the Estate of RICHARD KOKENOS, deceased, and qualifies in the Courts as the Personal Representative, and is authorized and the proper party to bring this action on behalf of and for the benefit of the Estate of RICHARD KOKENOS.

2) At all relevant times to this litigation, the deceased, RICHARD KOKENOS, was a resident of the City of Warren in the County of Macomb, State of Michigan.

3) At all relevant times to this litigation, the Defendant City of Warren was a municipal corporation duly organized and carrying on governmental functions in the State of Michigan.

4) At all relevant times to this litigation, the Defendants, OFFICER RICHARDSON, OFFICER TEOLIS, OFFICER KULISEK, OFFICER MICHAEL CARUSO, OFFICER HORLOCKER, OFFICER MCCABE, and OFFICER MIERZWINSKI (collectively, the "Defendant Officers") were employees of the Warren Police Department and were acting under color of state law and were acting in the course and scope of their employment with the Defendant City of Warren.

5) The amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars.

6) The Defendants are not entitled to qualified immunity.

7) On September 17, 2001, at approximately 00:32, the Defendants HORLOCKER and McCABE responded to 23636 Eureka in the City of Warren for a report of an alleged attempted breaking and entering.

8) As the officers arrived at the area of 23636 Eureka, they observed a man later identified as the decedent, RICHARD KOKENOS, on the front porch of the residence.

9) The Defendants HORLOCKER and McCABE observed the decedent, RICHARD KOKENOS, running towards them. The decedent, RICHARD KOKENOS, ran up to the Defendants HORLOCKER and McCABE.

10) The Defendants HORLOCKER and McCABE noted that the decedent, RICHARD KOKENOS, was sweating profusely, and was distraught, disoriented, and highly agitated.

11) The decedent, RICHARD KOKENOS, told the Defendants HORLOCKER and McCABE that he needed their help.

12) The Defendants HORLOCKER and McCABE told the decedent, RICHARD KOKENOS, to calm down, and to sit down on the grass. The decedent, RICHARD KOKENOS, complied.

13) The decedent, RICHARD KOKENOS, told the Defendants HORLOCKER and McCABE that he had taken some drugs, and that it was only the third or fourth time he'd ever done so.

14) At this time, Defendants TEOLIS and KULISEK arrived on scene.

15) The Defendants HORLOCKER and McCABE placed the decedent in handcuffs.

16) The decedent, RICHARD KOKENOS, was sweating so much and acting so distraught that the Defendant Officers called dispatch to have Warren Fire respond to the scene.

17) At this time Defendants RICHARDSON and MIERZWINSKI arrived on scene.

18) The decedent RICHARD KOKENOS tried to get away from the officers, but the Defendant Officers were able to gain control of him.

19) According to the police reports, the decedent RICHARD KOKENOS was not cooperating with Warren Fire, and Defendant RICHARDSON sprayed the decedent RICHARD KOKENOS with OC spray.

20) Defendant Officers physically muscled the decedent RICHARD KOKENOS into the back seat of the scout car. The decedent RICHARD KOKENOS was still handcuffed at this time, and was not a flight risk, was not resisting arrest, and was not a safety risk.

21) The decedent RICHARD KOKENOS hit his head on the partition in the scout car, while he was secured in the back seat.

22) Defendant HORLOCKER drew his taser from his holster, opened the rear passenger door to the scout car, and activated his taser on the decedent, RICHARD KOKENOS.

23) When Defendant HORLOCKER decided to activate his taser on the decedent, RICHARD KOKENOS, the decedent was already secured in custody, handcuffed in the back seat of the scout car.

24) Defendant HORLOCKER activated his taser into the decedent, RICHARD KOKENOS' chest. Defendant HORLOCKER activated the taser several more times while the other Defendant Officers struggled with the decedent, RICHARD KOKENOS.

25) Defendant HORLOCKER then changed cartridges on his taser, and again activated the taser on the decedent, RICHARD KOKENOS, striking him in the back with the prongs.

26) Soon thereafter, the Defendant Officers noticed that the decedent, RICHARD KOKENOS, wasn't breathing.

27) The Defendant Officers requested that Warren Fire return to the scene.

28) Defendant KULISEK started chest compressions on the decedent, RICHARD KOKENOS, at 0050 hours.

29) Warren Fire returned to the scene at 0052 hours, and took over medical treatment of the decedent, RICHARD KOKENOS.

30) The decedent, RICHARD KOKENOS, was taken to St. John Oakland Hospital for medical treatment, but he passed away, and was pronounced dead at 0126 hours.

31) At the time that Defendant HORLOCKER chose to open the scout car door and activate his taser on the decedent, the decedent RICHARD KOKENOS was handcuffed, and restrained.

32) After Defendant HORLOCKER chose to open the scout car door, to tase the decedent RICHARD KOKENOS, the Defendant Officers each in some way restrained the decedent while he was struggling to breathe.

33) The Defendant Officers responded to the deceased, RICHARD KOKENOS' attempts to save his own life and get up from the ground by restraining him and refusing him the opportunity to breathe.

34) The restraint by the Defendant Officers in the manner described, as well as the multiple shocks from the taser, caused the decedent to lose consciousness and die.

35) The brutal, unwarranted attack on the helpless, restrained decedent, RICHARD KOKENOS by the Defendant Officers was the proximate cause of his death.

36) While the Defendant Officers assaulted the decedent, RICHARD KOKENOS, whom they knew had no weapon, was not a threat, and was, in fact, restrained and handcuffed, he became unresponsive and died.

37) At no time during the brutal killing of the decedent, RICHARD KOKENOS, did the Defendant Officers have a justifiable reason to use the force they deployed.

## COUNT I
### VIOLATION OF CIVIL RIGHTS PURSUANT TO
### 42 U.S.C. 1983 BY INDIVIDUAL DEFENDANTS

38) Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 37 as though fully set forth herein.

39) The above-described killing of an innocent citizen was without legal justification.

40) Pursuant to 42 USC 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, the Defendants owed RICHARD KOKENOS a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive and/or deadly force.

41) The Defendants violated RICHARD KOKENOS' right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution and to be free from deliberate indifference to all of said rights by unjustifiably killing him.

42) After employing unnecessary unreasonable excessive and deadly force resulting in a violation of RICHARD KOKENOS' rights under 42 USC 1983 the Defendants along with other officers employed by the Defendant City of Warren failed to timely render and/or seek medical care or assistance for RICHARD KOKENOS.

43) The Defendant officers conspired with one another to deprive RICHARD KOKENOS of needed medical care, and fabricated and disseminated false accounts regarding the subject matter of this lawsuit, namely, the use of unnecessary deadly force against RICHARD KOKENOS.

44) The Defendant officers and others from the Defendant City of Warren and City administration did knowingly falsely and publicly state that the Defendant officers and others were in a dangerous situation and/or were justified in using the type of force they did.

45) Statements made by the Defendant officers in the record and/or publicly that represented the deceased, RICHARD KOKENOS to be at fault for his death or for threatening the Defendant officers were voiced and announced prior to completion of a complete and objective investigation as required.

46) As a direct and proximate result of the Defendants' actions, their deliberate indifference as more fully described above, the deceased, RICHARD KOKENOS, suffered damages.

47) As a direct and proximate result of the Defendants' acts and/or omissions, RICHARD KOKENOS died, and thus his estate, via its personal representative, has and will continue to suffer damage into the future, including but not limited to:

   a. Reasonable medical, hospital, funeral, and burial expenses;

   b. Reasonable compensation for the pain and suffering undergone by RICHARD KOKENOS while he was conscious during the time between his injury and death;

   c. Loss of financial support;

   d. Loss of service;

   e. Loss of gifts and/or other valuable gratuities;

   f. Loss of society and companionship;

   g. Punitive and exemplary damages; and

   h. All other damages properly recoverable under the Michigan Wrongful Death Act.

WHEREFORE, Plaintiff FINETTIE HAWKINS, Personal Representative of the Estate of RICHARD KOKENOS, deceased, respectfully requests this Honorable Court enter a judgment

in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

## COUNT II
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC 1983 BY CITY OF WARREN

48) Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 47 as though fully set forth herein.

49) At all times relevant to this Complaint, the City of Warren, through its Police Department, and through its senior officials and policymakers, supervisors and other policymakers, pursued policies, practices, and customs that were a direct and proximate cause of the unconstitutional activity alleged herein, and were the result of deliberate indifference.

50) The policies include, but are not limited to:

   a. Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control police officers, including the officers who killed RICHARD KOKENOS, who are known or should have been known to engage in improper use of excessive force and deadly force;

   b. Employing a police code of silence wherein other officers and supervisors cover up the use of deadly force by fabricating accounts in official police reports and internal affairs investigations to the media, all of which are designed to falsely exonerate officers from potential civil liability;

   c. Creating and implementing procedures that allow for and promote the use of deadly force in unwarranted and under unjustified circumstances;

   d. Failing to train its police officers concerning the dangers of restraining persons and the dangers of the use of tasers; and

   e. Other failures yet to be discovered.

51) As the direct and proximate result of the Defendants' actions, their deliberate indifference as more fully described above, RICHARD KOKENOS suffered damages.

52) As the direct and proximate result of the Defendants' acts and/or omissions, RICHARD KOKENOS died, and thus, his estate, via its personal representative, has and will continue to suffer damage into the future, including but not limited to:

    a. Reasonable medical, hospital, funeral, and burial expenses;

    b. Reasonable compensation for the pain and suffering undergone by RICHARD KOKENOS while he was conscious during the time between his injury and death;

    c. Loss of financial support;

    d. Loss of service;

    e. Loss of gifts and/or other valuable gratuities;

    f. Loss of society and companionship;

    g. Punitive and exemplary damages; and

    h. All other damages properly recoverable under the Michigan Wrongful Death Act.

WHEREFORE, Plaintiff FINETTIE HAWKINS, Personal Representative of the Estate of RICHARD KOKENOS, deceased, respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

## COUNT III
### GROSS NEGLIGENCE AND/OR BATTERY AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53) Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 52 as though fully set forth herein.

54) At all times relevant the individual Defendants were acting and/or interacting with the Decedent within the scope of their employment as employees and/or agents of the City of Warren, Michigan.

55) At all times relevant, as a result of the Michigan Constitution and/or Michigan statutes and/or Michigan common law and/or the special relationship that existed between the Decedent and the Defendants, Defendants had a duty to provide adequate medical care and/or treatment to the Decedent and to act with ordinary care for the safety of the Decedent.

56) Defendants breached their duty, and more, acted with recklessness, willfulness and wantonness, and with deliberate indifference as to whether harm would result by tasering him unnecessarily, particularly while Decedent was restrained, and by assaulting and battering the decedent with their hands, fists, and feet, and by restraining him in a position which would restrict his ability to breathe.

57) In addition to the aforementioned actions and/or omissions, the various Defendants acted in an extreme and outrageous manner with reckless disregard as to whether injury would result.

58) The acts and/or omissions and/or conduct of Defendants as alleged in the above-stated cause of actions constitute gross negligence and/or battery and/or intentional infliction of emotional distress under the laws of the State of Michigan and this Court has pendent (supplemental) jurisdiction to hear and adjudicate said claims.

59) As the direct and proximate result of the gross negligence of Defendants and/or battery of Decedent by Defendants and/or intentional acts or omissions by Defendants, Plaintiff's Decedent and Plaintiff have suffered conscious pain and suffering, economic damages (past, present, and future), loss of support, and loss of love, society and companionship.

60) As the direct and proximate result of the Defendants' acts and/or omissions, RICHARD KOKENOS died, and thus, his estate, via its personal representative, has and will continue to suffer damage into the future, including but not limited to:

   a. Reasonable medical, hospital, funeral, and burial expenses;

   b. Reasonable compensation for the pain and suffering undergone by RICHARD KOKENOS while he was conscious during the time between his injury and death;

   c. Loss of financial support;

   d. Loss of service;

   e. Loss of gifts and/or other valuable gratuities;

   f. Loss of society and companionship;

   g. Punitive and exemplary damages; and

   h. All other damages properly recoverable under the Michigan Wrongful Death Act.

WHEREFORE, Plaintiff FINETTIE HAWKINS, Personal Representative of the Estate of RICHARD KOKENOS, deceased, respectfully requests this Honorable Court enter a judgment in her favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.

/s/ E. Jason Blankenship
GEOFFREY FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
248.355.5555
j.blankenship@fiegerlaw.com

Dated: August 28, 2012

11

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FINETTIE HAWKINS, Personal
Representative of the Estate of RICHARD
KOKENOS, deceased,

        Plaintiff,

v.

CITY OF WARREN, a municipal corporation,
OFFICER RANDALL RICHARDSON,
OFFICER KIMBERLY TEOLIS, OFFICER
PAUL KULISEK, OFFICER ROBERT
HORLOCKER, OFFICER COLIN MCCABE,
and OFFICER WILLIAM MIERZWINSKI,
Individually, and in Their Official Capacity,
Jointly and Severally,

        Defendants.

Case No. 12 –            – NO

Hon.

_____/

GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
Fieger, Fieger, Kenney, Giroux & Danzig, p.c.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075
248.355.5555
j.blankenship@fiegerlaw.com
_____/

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

    Plaintiff, FINETTIE HAWKINS, as Personal Representative of the Estate RICHARD KOKENOS, deceased, by and through her attorneys, FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C., and hereby requests trial by jury in this matter.

Dated: August 28, 2012        Respectfully submitted,

                            Fieger, Fieger, Kenney, Giroux & Danzig, p.c.

                            /s/ E. Jason Blankenship
                            GEOFFREY FIEGER (P30441)
                            E. JASON BLANKENSHIP (P63566)
                            Attorneys for Plaintiff
                            19390 W. Ten Mile Rd.
                            Southfield, MI  48075
                            248.355.5555
                            j.blankenship@fiegerlaw.com