UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINETTIE HAWKINS, Personal
Representative of the Estate of RICHARD
KOKENOS, deceased,

                Plaintiff,

v.

CITY OF WARREN, a municipal corporation,
OFFICER RANDALL RICHARDSON,
OFFICER KIMBERLY TEOLIS, OFFICER
PAUL KULISEK, OFFICER ROBERT
HORLOCKER, OFFICER COLIN MCCABE,
and OFFICER WILLIAM MIERZWINSKI,
Individually, and in Their Official Capacity,
Jointly and Severally,

                Defendants.

Case No: 12-13810
Hon. Patrick J. Duggan
Magistrate Judge Laurie J. Michelson

---

| | |
|---|---|
| Geoffrey N. Fieger (P30441)<br>E. Jason Blankenship (P63566)<br>FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.<br>Attorneys for Plaintiff<br>19390 W. Ten Mile Road<br>Southfield, MI 48075<br>248.355.5555 | John J. Gillooly (P41948)<br>Jami E. Leach (P53524)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for Defendants<br>1000 Woodbridge Street<br>Detroit, MI 48207<br>313.446.5538 / 313.259.0450 (fax) |

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME DEFENDANTS CITY OF WARREN, OFFICER RANDALL

RICHARDSON, OFFICER KIMBERLY TEOLIS, OFFICER PAUL KULISEK, OFFICER

ROBERT HORLOCKER, OFFICER COLIN MCCABE, and OFFICER WILLIAM

MIERZWINSKI, by and through their attorneys, GARAN LUCOW MILLER, P.C., and for their

1059160.1

Answer to Plaintiff's First Amended Complaint, state as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

### JURISDICTION

6.      As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

7.      Admitted.

8.      Admitted. In further response, Defendants rely upon the jury demand filed by plaintiff in this matter.

### VENUE

9.      Admitted.

### STATEMENT OF FACTS

10.      Admitted.

11.      As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

12.      As to the allegations contained herein, Defendants are without sufficient

information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

13.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

14.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

15.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

16.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

17.     Admitted.

18.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

19.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

20.     As to the allegations contained herein, Defendants are without sufficient

information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

21.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

22.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

23.     Admitted.

24.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

25.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

26.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

27.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

28.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

29.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

30.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

31.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

32.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

33.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

34.     Admitted.

35.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

36.     Admitted.

37.     Defendants admit that chest compressions where immediately started however, as to the remaining allegations, Defendants neither admit nor deny same.

38.     Defendants admit that Warren Fire Department returned to the scene and took over medical treatment. As to the remaining allegations, Defendants neither admit nor deny same.

39.     Defendants admit that the decedent was taken to St. John Oakland Hospital.

As to the remaining allegations defendants neither admit nor deny same.

40.    As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

41.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

42.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

43.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

44.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

45.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

46.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO**
**42 U.S.C 1983 BY INDIVIDUAL DEFENDANTS**

47.    Defendants herein incorporate and reallege by reference each and every paragraph set forth above.

48.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

49.     The statements contained in this paragraph of Plaintiff's First Amended Complaint are legal conclusions regarding the rights and duties of the parties, and therefore, no response is required. To the extent that a response is required, the same are denied as untrue.

50.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

51.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

52.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

53.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

54.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

55.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

56.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

WHEREFORE, Defendants respectfully request the entry of a judgment of no cause for action, or in the alternative, the entry of an order for dismissal together with an award of interest, costs and attorney fees.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO**
**42 U.S.C. 1983 BY CITY OF WARREN**

57.     Defendants herein incorporate and reallege by reference each and every paragraph set forth above.

58.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

59.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

60.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

61.     As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

WHEREFORE, Defendants respectfully request the entry of a judgment of no cause for action, or in the alternative, the entry of an order for dismissal together with an award of interest, costs and attorney fees.

**COUNT III**
**GROSS NEGLIGENCE AND/OR BATTERY AND/OR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

62.     Defendants herein incorporate and reallege by reference each and every paragraph set forth above.

63.     As to the allegations contained herein, Defendants are without sufficient information upon which to form a belief and neither admit nor deny same but leaves Plaintiff to her proofs.

1059160.1                                          8

64.    The statements contained in this paragraph of Plaintiff's First Amended Complaint are legal conclusions regarding the rights and duties of the parties, and therefore, no response is required. To the extent that a response is required, the same are denied as untrue.

65.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

66.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

67.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

68.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

69.    As to the allegations contained herein, Defendants deny same for the reason that they are untrue.

WHEREFORE, Defendants respectfully request the entry of a judgment of no cause for action, or in the alternative, the entry of an order for dismissal together with an award of interest, costs and attorney fees.

 s/ Jami E. Leach
Garan Lucow Miller, P.C.
1000 Woodbridge Street
Detroit, MI  48207-3192
313.446.5538
E-mail: jleach@garanlucow.com
P53524

Dated: November 6, 2012

1059160.1

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FINETTIE HAWKINS, Personal
Representative of the Estate of RICHARD
KOKENOS, deceased,

        Plaintiff,                             Case No: 12-13810

v.                                      Hon. Patrick J. Duggan
                                          Magistrate Judge Laurie J. Michelson

CITY OF WARREN, a municipal corporation,
OFFICER RANDALL RICHARDSON,
OFFICER KIMBERLY TEOLIS, OFFICER
PAUL KULISEK, OFFICER ROBERT
HORLOCKER, OFFICER COLIN MCCABE,
and OFFICER WILLIAM MIERZWINSKI,
Individually, and in Their Official Capacity,
Jointly and Severally,

        Defendants.

---

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | John J. Gillooly (P41948) |
| E. Jason Blankenship (P63566) | Jami E. Leach (P53524) |
| FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C. | GARAN LUCOW MILLER, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 19390 W. Ten Mile Road | 1000 Woodbridge Street |
| Southfield, MI 48075 | Detroit, MI 48207 |
| 248.355.5555 | 313.446.5538 / 313.259.0450 (fax) |

---

### RELIANCE ON JURY DEMAND

    NOW   COME   DEFENDANTS   CITY   OF   WARREN,   OFFICER   RANDALL

RICHARDSON,   OFFICER   KIMBERLY   TEOLIS,   OFFICER   PAUL   KULISEK,   OFFICER

ROBERT   HORLOCKER,   OFFICER   COLIN   MCCABE,   and   OFFICER   WILLIAM

MIERZWINSKI, by and through their attorneys, GARAN LUCOW MILLER, P.C., and hereby

state their reliance on the demand for a trial by jury herein before filed by the Plaintiffs.

          s/ Jami E. Leach
         Garan Lucow Miller, P.C.
         1000 Woodbridge Street
         Detroit, MI  48207-3192
         313.446.5538
         E-mail: jleach@garanlucow.com
         P53524

Dated: November 6, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINETTIE HAWKINS, Personal
Representative of the Estate of RICHARD
KOKENOS, deceased,

        Plaintiff,

v.

CITY OF WARREN, a municipal corporation,
OFFICER RANDALL RICHARDSON,
OFFICER KIMBERLY TEOLIS, OFFICER
PAUL KULISEK, OFFICER ROBERT
HORLOCKER, OFFICER COLIN MCCABE,
and OFFICER WILLIAM MIERZWINSKI,
Individually, and in Their Official Capacity,
Jointly and Severally,

        Defendants.

Case No: 12-13810
Hon. Patrick J. Duggan
Magistrate Judge Laurie J. Michelson

---

| | |
|---|---|
| Geoffrey N. Fieger (P30441)<br>E. Jason Blankenship (P63566)<br>FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.<br>Attorneys for Plaintiff<br>19390 W. Ten Mile Road<br>Southfield, MI 48075<br>248.355.5555 | John J. Gillooly (P41948)<br>Jami E. Leach (P53524)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for Defendants<br>1000 Woodbridge Street<br>Detroit, MI 48207<br>313.446.5538 / 313.259.0450 (fax) |

---

## DEFENDANTS' SPECIAL AND/OR AFFIRMATIVE DEFENSES

NOW COME DEFENDANTS CITY OF WARREN, OFFICER RANDALL
RICHARDSON, OFFICER KIMBERLY TEOLIS, OFFICER PAUL KULISEK, OFFICER
ROBERT HORLOCKER, OFFICER COLIN MCCABE, and OFFICER WILLIAM
MIERZWINSKI, by and through their attorneys, GARAN LUCOW MILLER, P.C., and for their
Notice of Special and/or Affirmative Defenses and Reservation of Right to File Additional

1059160.1

12

Affirmative Defenses, state as follows:

1.    The Defendants governmental unit is not liable for exemplary or punitive damages.

2.    That any injury suffered by the plaintiff's decedent was due to and caused by his failure to engage in conduct consistent with the appropriate standard of care under the circumstances, and said conduct was the proximate cause of the injury.

3    Plaintiff's claims, all or some of them, may be barred by the applicable statute of limitations and/or the doctrine of laches and estoppel.

4.    Plaintiff's claims may be barred because of release, payment, prior judgment, and/or immunity granted by law and Defendants therefore reserve the right to file a Motion for Summary Judgment.

5.    Plaintiff has failed to state a claim upon which relief can be granted.

6.    There is no genuine issue of material fact and the Defendants are entitled to judgment as a matter of law.

7.    Defendants are entitled to immunity as provided by law.

8.    Plaintiff's claims may be barred by the doctrine of res judicata and/or collateral estoppel.

9.    Plaintiff's claims are barred by the doctrine of unclean hands.

10.    The force used was both reasonable and necessary under the circumstances.

11.    Defendants conduct was not the proximate cause of plaintiff's alleged injuries.

12.    Defendants will rely upon all defenses available to them under the doctrines of Absolute and Qualified Immunity.

13.     Defendants will rely upon all defenses available to them under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

14.     Defendants will rely upon all defenses available to them under 42 USC §s 1983, 1981 and 1985.

15.     Defendants will rely upon all defenses afforded under Michigan's Governmental Tort Liability Act, MCL 691.1407.

16.     Defendants deny that they were grossly negligent or deliberately indifferent.

17.     Defendants deny that there was any custom, policy or practice which caused a Constitutional violation which caused the plaintiff's injuries.

18.     The conduct of the Warren Police Officers was objectively reasonable.

19.     Defendants reserve the right to add any other special or affirmative defenses which may become known or warranted during the course of subsequent discovery or investigation.

 s/ Jami E. Leach
Garan Lucow Miller, P.C.
1000 Woodbridge Street
Detroit, MI  48207-3192
313.446.5538
E-mail: jleach@garanlucow.com
P53524

Dated: November 6, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


**<ins>CERTIFICATE OF SERVICE</ins>**


I hereby certify that on November 6, 2012, my assistant, Megan Thill, electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> **Jason Blankenship**
> j.blankenship@fiegerlaw.com

and I hereby certify that on November 6, 2012, my assistant, Megan Thill, mailed by United States Postal Service the foregoing document to the following non-ECF participants, with full legal postage prepaid thereon and deposited in the United States mail:

Not applicable.


 s/ Jami E. Leach                            
Garan Lucow Miller, P.C.
1000 Woodbridge Street
Detroit, MI  48207-3192
313.446.5538
E-mail: jleach@garanlucow.com
P53524

1059160.1